

IN THE

# Court of Appeals of Indiana

Frank Grecco, III,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*



FILED

Oct 04 2024, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

October 4, 2024

Court of Appeals Case No.
24A-CR-560

Appeal from the Hendricks Superior Court

The Honorable Stephenie LeMay-Luken, Judge

Trial Court Cause No.
32D05-2305-F6-454

**Opinion by Judge Brown**
Judges May and Pyle concur.

**Brown, Judge.**

[1] Frank Grecco, III, appeals the trial court's order denying his motion to dismiss two charges of possession of child pornography as level 6 felonies. We reverse.

**Facts and Procedural History**

[2] On May 24, 2023, the State charged Grecco with two counts of possession of child pornography as level 6 felonies. On December 14, 2023, Grecco filed a motion to dismiss "pursuant to Indiana Code § 35-34-1-4(a)(5) and (11)" and asserted that the prosecution violated federal precedent and the protections provided by the First Amendment to the United States Constitution and Article 1, Section 9 of the Indiana Constitution.[1] Appellant's Appendix Volume II at 49. On December 15, 2023, the State filed a response and conceded in part that Grecco "correctly states in his memorandum that these charges allege no possession of pornography of any actual, living and breathing children" and that "[t]he images of the children in question are best described as cartoon caricatures of the 'manga' or 'hentai' variety, which originated in Japan." *Id.* at 66.

[3] After a hearing, the trial court denied Grecco's motion. Grecco filed a Motion to Certify Order for Interlocutory Appeal and Stay Proceedings. The trial court

---

[1] Ind. Code § 35-34-1-4(a) provides that "[t]he court may, upon motion of the defendant, dismiss the indictment or information upon any of the following grounds: . . . [t]he facts stated do not constitute an offense" or "[a]ny other ground that is a basis for dismissal as a matter of law."

granted Grecco's motion, and this Court granted Grecco's petition to accept jurisdiction of the interlocutory appeal.

**Discussion**

[4] Grecco argues this case involves a form of simulated child pornography that is "in the form of manga (comic books) and anime (cartoons)." Appellant's Brief at 10. He contends the images are drawn and do not use actual children in their production. He asserts that Indiana's law prohibiting the possession or access of simulated child pornography violates the First Amendment of the United States Constitution and Article 1, Section 9 of the Indiana Constitution. He acknowledges the Supreme Court's opinion in *Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691 (1990), which held that the State of Ohio could constitutionally proscribe the possession and viewing of child pornography. He argues that Ind. Code § 35-42-4-4(d) "is unconstitutional because it violates one's First Amendment right," "[simulated child pornography] does not involve real children; thus, the U.S. Supreme Court's holdings in [*New York v. Ferber*, 458 U.S. 747, 102 S. Ct. 3348 (1982)] and [*Osborne*] are not implicated." *Id.* at 16. He also asserts that "[t]he Court held in [*Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S. Ct. 1389 (2002),] that [simulated child pornography] is protected by the First Amendment, and [*Stanley v. Georgia*, 394 U.S. 557, 89 S. Ct. 1243 (1969)] holds that, even if material is obscene, a person has the right to possess (and view) such material in the privacy of his home." *Id.* at 16-17.

[5] The State agrees that Grecco's motion to dismiss should have been granted. It acknowledges that Grecco need only show that the statute is unconstitutional

on the facts of the particular case because he makes an as-applied challenge. It concedes that "established federal precedent precludes his prosecution for accessing or possessing obscene virtual child pornography within his own home." Appellee's Brief at 7. It also acknowledges that "there is . . . no question that the images Grecco is alleged to have accessed do not involve actual children." *Id.* at 9. It states that "pursuant to *Stanley* and *Free Speech Coalition*, Grecco's conduct of accessing obscene animated child pornography from his own home is protected conduct under the First Amendment." *Id.* The State notes that, given the advancements in technology and the ability to produce "hyper-realistic images that use actual children's faces, the line between real and virtual child pornography is no longer clear and the existing case law does not answer the question of whether virtual child pornography produced using images of actual children is protected under the First Amendment," and that "that issue is not presented in this case." *Id.* at 9 n.1. It also contends that "[t]he animated images at issue here are clearly covered by the holding in" *Free Speech Coalition. Id.*

[6] "We review a 'ruling on a motion to dismiss a charging information for an abuse of discretion, which occurs only if a trial court's decision is clearly against the logic and effect of the facts and circumstances.'" *State v. Katz*, 179 N.E.3d 431, 440 (Ind. 2022) (quoting *Gutenstein v. State*, 59 N.E.3d 984, 994 (Ind. Ct. App. 2016), *trans. denied*). "The constitutionality of an Indiana statute is a pure question of law we review de novo." *Id.* at 441 (quoting *Horner v. Curry*, 125 N.E.3d 584, 588 (Ind. 2019)). "These statutes, however, come to us 'clothed

with the presumption of constitutionality until clearly overcome by a contrary showing.'" *Id.* (quoting *Horner*, 125 N.E.3d at 588 (quoting *Whistle Stop Inn, Inc. v. City of Indianapolis*, 51 N.E.3d 195, 199 (Ind. 2016))).

[7] The charging information alleged that Grecco, "with intent to view the image, did knowingly or intentionally possess or access an image that depicted or described sexual conduct that is simulated sexual conduct involving a representation that appears to be a child less than eighteen (18) years of age and the representation of the image was obscene." Appellant's Appendix Volume II at 11-12. The charging information cited Ind. Code § 35-42-4-4(d)(3), which provides:

> (d) A person who, with intent to view the image, knowingly or intentionally possesses or accesses an image that depicts or describes sexual conduct . . . (3) that is simulated sexual conduct involving a representation that appears to be a child less than eighteen (18) years of age, if the representation of the image is obscene (as described in IC 35-49-2-1) . . . commits possession of child pornography, a Level 6 felony. It is not a required element of an offense under subdivision (3) that the child depicted actually exists.

[8] An "[i]mage" is defined as:

> (A) A picture.
>
> (B) A drawing.
>
> (C) A photograph.
>
> (D) A negative image.

(E) An undeveloped film.

(F) A motion picture.

(G) A videotape.

(H) A digitized image.

(I) A computer generated image.

(J) Any pictorial representation.

Ind. Code § 35-42-4-4(a)(2). Ind. Code § 35-49-2-1 provides:

A matter or performance is obscene for purposes of this article if:

(1) the average person, applying contemporary community standards, finds that the dominant theme of the matter or performance, taken as a whole, appeals to the prurient interest in sex;

(2) the matter or performance depicts or describes, in a patently offensive way, sexual conduct; and

(3) the matter or performance, taken as a whole, lacks serious literary, artistic, political, or scientific value.

[9]     In 1969, the United States Supreme Court held in *Stanley*:

Whatever may be the justifications for other statutes regulating obscenity, we do not think they reach into the privacy of one's own home. If the First Amendment means anything, it means that a State has no business telling a man, sitting alone in his own house, what books he may read or what films he may watch. Our whole constitutional heritage rebels at the thought of giving government the power to control men's minds.

394 U.S. at 565, 89 S. Ct. at 1248. The Court concluded that "the First and Fourteenth Amendments prohibit making mere private possession of obscene material a crime" and that while "the States retain broad power to regulate obscenity; that power simply does not extend to mere possession by the individual in the privacy of his own home." *Id.* at 568; 89 S. Ct. at 1249-1250.

[10] In 1982, the United States Supreme Court issued its decision in *Ferber* which upheld a New York statute outlawing the distribution of child pornography. 458 U.S. at 774, 102 S. Ct. at 3363. In 1990, the Court observed in *Osborne* that "since the time of our decision in *Ferber*, much of the child pornography market has been driven underground; as a result, it is now difficult, if not impossible, to solve the child pornography problem by only attacking production and distribution" and that "19 States have found it necessary to proscribe the possession of this material." 495 U.S. at 110-111, 110 S. Ct. at 1697. The Court observed that "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Id.* at 109, 110 S. Ct. at 1696 (quoting *Ferber,* 458 U.S. at 756-758, 102 S. Ct. at 3354-3355). The *Osborne* Court emphasized "the importance of the State's interest in protecting the victims of child pornography," the idea that "the materials produced by child pornographers permanently record the victim's abuse," and "[t]he pornography's continued existence causes the child victims continuing harm by haunting the children in years to come." *Id.* at 110-111, 110 S. Ct. at 1697. It concluded that, "[g]iven the gravity of the State's interests in this

context, we find that Ohio may constitutionally proscribe the possession and viewing of child pornography." *Id.* at 111, 110 S. Ct. at 1697.

[11] In 2002, the United States Supreme Court addressed whether the Child Pornography Prevention Act of 1996 ("CPPA"), 18 U.S.C. § 2251 et seq., abridged the freedom of speech in *Free Speech Coalition*. 535 U.S. at 239, 122 S. Ct. at 1396. The CPPA extended "the federal prohibition against child pornography to sexually explicit images that appear to depict minors but were produced without using any real children." *Id.* The Court observed that, "[i]n contrast to the speech in *Ferber*, speech that itself is the record of sexual abuse, the CPPA prohibits speech that records no crime and creates no victims by its production. Virtual child pornography is not 'intrinsically related' to the sexual abuse of children, as were the materials in *Ferber*." *Id.* at 250, 122 S. Ct. at 1402. Accordingly, the Court held that the statute prohibiting virtual child pornography covered materials beyond the categories recognized in *Ferber* "and the reasons the Government offers in support of limiting the freedom of speech have no justification in our precedents or in the law of the First Amendment." *Id.* at 256, 122 S. Ct. at 1405. It concluded that "[t]he provision abridges the freedom to engage in a substantial amount of lawful speech" and was "overbroad and unconstitutional." *Id.*

[12] In light of the precedent from the United States Supreme Court and under these circumstances in which the State conceded before the trial court that the materials Grecco was charged with possessing did not depict actual children, as

well as the State's agreement on appeal that Grecco's motion to dismiss should have been granted, we reverse.[2]

[13] For the foregoing reasons, we reverse the trial court's denial of Grecco's motion to dismiss.

[14] Reversed.

May, J., and Pyle, J., concur.

ATTORNEYS FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

John Razumich
Razumich & Associates P.C.
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

---

[2] Because we resolve this case on First Amendment grounds, we need not address Article 1, Section 9 of the Indiana Constitution.